FILED
98 JAN -6 AM 11: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**HURLEY STATE BANK,**          ]
                                ]
    Plaintiff(s),       ]
                                ]
vs.                             ]          CV 97-N-2740-W
                                ]
**CARRIE WATSON**               ]
                                ]
    Defendant(s).       ]

ENTERED
JAN 6 1998

## Memorandum of Opinion

This matter is currently before the court on defendant Carrie Watson's ("Watson") motion to dismiss, filed November 6, 1997. On September 15, 1997, plaintiff Hurley State Bank ("Hurley") was sued in the Circuit Court of Sumter County, Alabama. Hurley answered the underlying action on October 16, 1997, and contemporaneously commenced this action by filing a petition for an order compelling Ms. Watson to arbitrate all disputes in the state court action, pursuant to 9 U.S.C. § 4. Hurley alleges that the court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1] The motion to dismiss has been briefed by the parties and is ripe for decision. Upon due consideration, Ms. Watson's motion to dismiss will be granted for want of subject matter jurisdiction.

### I.    Standard for Motion to Dismiss.

For purposes of ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take the allegations of the complaint as true and

---

[1] Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . (1) Citizens of different States . . . ." 28 U.S.C. § 1332 (1997).

In the present case, Hurley alleges that diversity jurisdiction exists to provide this court with the power to compel arbitration. *See Petition for Order to Compel Arbitration*, ¶4. Specifically, Hurley avers that it is a banking concern organized and existing under the laws of South Dakota, and has its principal place of business in South Dakota, *id.* ¶1, and that Ms. Watson is a resident citizen of Alabama. *Id.* ¶2. Moreover, Hurley makes a general claim that the amount in controversy between the parties exceeds $75,000. *Id.* ¶3.

Ms. Watson, who is the defendant in this action, filed a suit in the Circuit Court of Sumter County, Alabama, against Hurley and other parties, alleging numerous state law tort claims, including claims for fraud, negligence and wantonness arising out of a credit card transaction and agreement between Ms. Watson and Hurley (and the other parties), through which Ms. Watson financed her purchase of a satellite dish system. Because the other parties to the state court action are citizens of Alabama and, thus, are non-diverse parties, Hurley was prevented from removing the action to federal district court on the ground of diversity jurisdiction. Moreover, no federal question is presented in the state court complaint, thus preventing removal pursuant to 28 U.S.C. § 1331.

Because Hurley was unable to remove the state court action, it appears Hurley thus attempted to accomplish the same result by filing a petition to compel arbitration in this court and to stay the state court proceedings. Notwithstanding the tortuous maneuvering by Hurley to bypass the removal statute, the court finds that the amount in controversy in this federal court action does not exceed $75,000.

The court notes that Ms. Watson's *ad damnum* clauses demand compensatory and punitive damages without stating a specific amount. *See Plaintiff's State Court Complaint*.

3

construe them in a manner most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim. *Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir. 1976); *Hepperle v. Johnston,* 544 F.2d 201 (5th Cir. 1976).

## II.     Subject Matter Jurisdiction.

Federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32, 103 S. Ct. 927, 942 n.32, 74 L. Ed. 2d 765 (1983). Though not the first time to articulate the rule, the Supreme Court in 1983 stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet *it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.*

*Moses H. Cone*, 460 U.S. at 25 n.32, 103 S. Ct. at 942 n.32 (emphasis added). And, although many of the rights that are sought to be enforced in arbitration are created by federal statute (the FAA), the Supreme Court has held that these rights are not among those giving rise to federal question jurisdiction. *See Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9, 104 S. Ct. 852, 861 n.9, 79 L. Ed. 2d 1 (1984). Finally, a party seeking to enforce rights created by the FAA must do so in the state courts unless federal jurisdiction can be independently established. *See Commercial Metals Co. v. Balfour, Guthrie, & Co., Ltd.*, 577 F.2d 264, 268-69 (5th Cir. 1978).

2

Hurley asserts that "[t]he amount of the judgment sought by the Defendant against Hurley in the underlying action exceeds $75,000" ostensibly because Ms. Watson "seeks compensatory and punitive damages in the underlying action" on theories of fraud, negligence and wantonness. *Petition for Order to Compel Arbitration*, ¶5. Although not specifically argued, Hurley appears to contend that compensatory damages awards in Alabama, together with punitive damages awards, regularly exceed $75,000.

Indeed, this court has previously recognized that, when a plaintiff asserts fraud claims for *unspecified* compensatory and punitive damages in her state court complaint, the state court defendant must merely show by a preponderance of the evidence that more than $75,000 is in controversy to satisfy the amount in controversy requirement for federal diversity jurisdiction. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (holding that where a plaintiff makes an unspecified claim for damages, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement"); *see also Earnest v. General Motors Corp.*, 923 F. Supp. 1469, 1471 (N.D. Ala. 1996). Moreover, because it is proper to aggregate compensatory and punitive damages in determining whether the amount in controversy exceeds $75,000, *Bell v. Preferred Life Assurance Society of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943), and because compensatory damages and punitive damages in Alabama fraud cases very often exceed $75,000, even where actual damages are minimal,[2] the court has previously concluded that such

---

[2] *See, e.g., Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So. 2d 1292, 1298 (Ala. 1995) (affirming jury award in fraud case of $1,000 in compensatory damages and $1 million in punitive damages); *Independent Life and Accident Ins. Co. v. Harrington*, 658 So. 2d 892, 893 (Ala. 1994) (affirming $4 million punitive damage award in

defendants satisfy the preponderance of the evidence standard and that diversity jurisdiction thus exists. *See, e.g., Booth v. Jim Walter Homes*, CV 97-N-2554-W, slip op. at 4-5 (N.D. Ala. Dec. 17, 1997).

However, such an analysis is not applicable where, as here, the party attempting to prove by a preponderance of the evidence that at least $75,000 is in controversy has apparently shielded itself from punitive damage liability. As other courts have found in cases involving Hurley under substantially similar facts,[3] the very arbitration clause that Hurley petitions this court to enforce prohibits Ms. Watson from recovering exemplary or punitive damages:

> The exclusive remedy for any Claim shall be a monetary award, not to exceed the amount of actual damages for breach of contract; no other remedy in law or equity, including without limitation, exemplary or punitive damages and injunctive relief, may be sought or awarded for any Claim.

*Petition to Compel Arbitration*, Exhibit C, ¶28.

Because punitive damages are not recoverable against Hurley by Ms. Watson,[4] the amount in controversy requirement must be satisfied solely by the claimed, unspecified

---

fraudulent suppression case where plaintiff suffered actual damages of $1,200); *Foster v. Life Ins. Co. of Georgia*, 656 So. 2d 333, 333 (Ala. 1994) (reviewing judgment on verdict assessing compensatory damages at $250,000 and $1 million in punitive damages on fraud claim). In determining whether the jurisdictional amount has been met, the court should look for guidance to decisions rendered in cases on the same type of suit. *See Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404-05 (M.D. Ala. 1995).

[3] *See, e.g., Hurley State Bank v. Jackson*, No. 2:97-0793-RV-S, slip op. at 3 (S.D. Ala. Sept. 19, 1997).

[4] Whether the contractual damages limitation is enforceable as to tort claims (*i.e.*, fraud, suppression) under South Dakota law is not clear. Neither party has raised the issue in the present case. Certainly, if a court or an arbitration panel determines that the liability limiting clause is invalid, the jurisdictional amount would arguably be satisfied in this case. Ironically, however, Hurley argues here that the arbitration agreement is enforceable, necessarily implying that the damages limitation clause contained therein is valid. As a result, the court concludes that Hurley has failed to establish by a preponderance of the evidence, *Tapscott*, 77 F.3d at 1355, that the amount in controversy exceeds $75,000.

compensatory damages. From a fair reading of Ms. Watson's state court complaint, it is apparent that the amount of compensatory damages at issue are far less than $75,000. Accordingly, because the amount-in-controversy requirement is not met, the court clearly lacks subject matter jurisdiction in this federal proceeding and, as a result, Ms. Watson's motion to dismiss will be granted. Hurley must seek to enforce its rights created by the FAA in state court unless and until federal jurisdiction can be independently established. *See Commercial Metals Co. v. Balfour, Guthrie, & Co., Ltd.*, 577 F.2d 264, 268-69 (5th Cir. 1978). The action will therefore be dismissed without prejudice.

Done, this 6th of January, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE